UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FEDOR SAFONOF, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 19-07523 |
| v. | : | |
| DIRECTSAT USA, SUBSIDIARY OF UNITEK GLOBAL SERVICES, INC. | : | **OPINION** |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim under the New Jersey Conscientious Employee Protection Act (CEPA). For the reasons that follow, Defendant's Motion to Dismiss will be granted without prejudice. Plaintiff will be granted leave to amend within thirty (30) days.

### I. Factual Background and Procedural History

New Jersey resident Fedor Safonof ("Plaintiff") brings this action under the CEPA against his former employer, DirectSat USA ("Defendant"), for negative employment action taken against him after his refusal to comply with his manager's allegedly illegal schemes. [Dkt. No. 1-A, Ex. A (Compl.).] From the information provided in Plaintiff's Complaint, it appears the Defendant is a cable company that supplies DirecTV customers with services such as installations and repairs. (Id. at ¶ 1.) Plaintiff was hired by Defendant in 2012 as a field supervisor. (Id. at ¶¶ 2-3.) He worked in the Pennsauken location, and consistently met employment expectations until 2017. (Id.)

In October 2017, Jose Gonzalez became Plaintiff's general manager. (Id. at ¶ 4.) Gonzalez was supposedly hired to combat what the company called "Sin30s," or repeat

1

customer complaints received within thirty days of the initial service. (Id. at ¶ 5.) Plaintiff alleges that to accomplish this goal, Gonzalez accessed customers' account information without their consent, and transferred it to a spreadsheet on his personal laptop. (Id. at ¶¶ 6-8.) He used that information to cancel "Sin30s." (Id. at ¶ 8.) On a separate company calendar, Gonzalez then assigned supervisors, like Plaintiff, to handle the repairs, requiring them to send technicians out to complete the job off the record. (Id. at ¶¶ 8-9.) The technicians were not paid because after Gonzalez's tampering, no physical record of the technician's work order existed for the technician to bill. (Id. at ¶ 10.) Without their consent, Gonzalez also transferred customers' phone numbers from Defendant's online database into a mass-texting application called "Texedly," from which he texted customers about their service, apparently to prevent any "Sin30" appointments from being created. (Id. at ¶ 11). Plaintiff informed Gonzalez that he objected to this behavior and believed that it was unlawful. (Id. at ¶ 13.)

Gonzalez eventually instructed his subordinates, including Plaintiff, to directly participate in cancelling appointments. (Id. at ¶ 14.) Plaintiff refused and called an unnamed Human Resources manager to complain about Gonzalez's behavior, but was instructed to address the issue with Gonzalez directly. (Id. at ¶ 15.) Plaintiff alleges that immediately following his complaint, Gonzalez began subjecting him to retaliatory discipline and harassment, culminating in his ultimate termination. (Id. at ¶ 16.)

Plaintiff filed the Complaint in the Superior Court of New Jersey, Cumberland County on January 31, 2019, alleging CEPA infringement, and listing several other statutes which Defendant's actions potentially violated. On March 1, 2019, Defendant filed a timely notice of removal, invoking the Court's diversity jurisdiction under 18 U.S.C. § 1332. [Dkt. 1-1, Doc. 1.] Defendant filed a Motion to Dismiss on March 22, 2019.

[Dkt. 7-2, Doc. 2.] Defendant maintains that Plaintiff's Complaint fails to state a claim because it does not properly establish the first element of the prima facie case; namely that Plaintiff reasonably believed that his employer's conduct violated a law, rule, or regulation. (Id. at 8.) Specifically, Defendant states that the Complaint neither alleges the specific statutory provisions Plaintiff believes Defendant violated, nor demonstrates a substantial nexus between Defendant's conduct and the supposed violations. (Id. at 8-11.)

The Court has considered the arguments advanced in the parties' briefs. For the following reasons, Defendant's motion will be granted in part and denied in part.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility[1] when the plaintiff pleads factual content that allows the court to draw the

---

[1] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

Nevertheless, the Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted); see also Iqbal, 556 U.S. at 678. Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556.

Furthermore, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead "with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" Lum v. Bank of Am. ., 361 F.3d

217, 223–24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

There are two ways to satisfy the particularity requirement. See Lum, 361 F.3d at 224. First, a plaintiff may plead the "date, place or time" of the fraudulent act. Id. (quoting Seville, 742 F.2d at 791) (internal quotations omitted). Second, a plaintiff may use "alternative means [to] inject [ ] some measure of substantiation into their allegations of fraud." Id. (internal quotations omitted). Still, the plaintiff must plead enough to substantiate the allegations of fraud being made and may not rely on "conclusory statements." NN & R, Inc. v. One Beacon Ins. Group, 362 F. Supp. 2d 514, 518 (D.N.J. 2005) (quoting Mordini v. Viking Freight, Inc., 92 F. Supp. 2d 378, 385 (D.N.J. 1999)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum, 361 F.3d at 224. Significantly, the heightened pleading standard required by Rule 9(b) applies to claims of fraud brought under New Jersey law. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

### III.    Discussion

Defendant claims that Plaintiff's Complaint fails to establish the first element of the prima facie case under the CEPA because it does not state the specific statutory subsections violated or demonstrate a substantial nexus between Gonzalez's behavior and the supposed violations. This Court agrees.

The CEPA was enacted to encourage employees to report unethical or illegal activity in the workplace, and protect those who do from an employer's retaliation. Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003). The statute states in pertinent part that an employer may not take retaliatory action against an employee who

"[o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes . . . [i]s in violation of a law, or a rule or regulation promulgated pursuant to law . . . ; is fraudulent or criminal . . . ; or is incompatible with a clear mandate of public policy." N.J.S.A. 34:19-3(c).

To carry the burden of establishing a prima facie case, a plaintiff is obligated to show that "(1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule or regulations promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a whistle-blowing activity described in N.J.S.A. 44:19-3(c); (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action." Dzwonar, 828 A.2d at 900.

To satisfy the first prong, the plaintiff or the trial court must "identify a law or public policy that closely relates to the alleged misconduct. When none is forthcoming, the trial court should enter judgment for the defendant." Gaglione v. New Cmty. Corp., Docket No. A-1015-06T1, 2007 WL 2141429, at *7 (N.J. Super. Ct. App. Div. Jul. 27, 2007). Plaintiffs need not prove that a law or public policy was actually violated, just that they reasonably believed it was violated. Dzwonar, 828 A.2d 901; see also Robert v. Autopart Int'l, Civil Action No. 3:14-cv-07266, 2015 WL 4031740 (D.N.J. June 30, 2015). Therefore, the court first makes a threshold determination that a substantial nexus exists between the complained-of conduct and the law or public policy plaintiff believed was violated. Telger v. Global Spectrum, 291 F. Supp. 3d 565, 580 (D.N.J. 2018). In other words, a close relationship between the alleged misconduct and the supposedly violated law or public policy needs to exist. Id.

Plaintiffs are required to identify with a minimum amount of specificity the law

6

or public policy that they believe was violated. See <u>Mayorga v. Sonoco Prods. Co.</u>, Civil Action No. 3:12-cv-05067, 2013 WL 1792554, at *5 (D.N.J. April 16, 2013) (dismissing plaintiff's complaint for failure to allege anything that would be a violation of law); <u>Gaglione</u>, 2017 WL 2141429, at *6-7 (stating that plaintiff's failure to identify any sort of violated statute or regulation, and then claiming on appeal that defendant may have violated federal tax laws generally was insufficient to establish the first element of the prima facie case). Additionally, the purportedly unlawful behavior needs to be more than just a private dispute between employer and employee. <u>Mehlman v. Mobile Oil Corp.</u>, 707 A.2d 1000, 1013 (N.J. 1998). Plaintiffs must allege that it has some further reaching public consequences. <u>Mayorga</u>, 2013 WL 1792554, at *5.

### A. **Plaintiff fails to plead facts with specificity and does not establish a substantial nexus between Defendant's conduct and the alleged violations.**

Here, Plaintiff's Complaint ultimately fails to state a claim. As a preliminary matter, the Complaint does not fail simply because it declines to state the particular subsections of each supposedly violated law. The Complaint lists more than just general infringements. The named statutory sections are each comprised of one particular section, and although the precise letter subsections are not identified, the Court does understand the violations that Plaintiff claims are at issue. While it is good practice for complainants to identify the exact statutory basis for the violation, failing to do so in and of itself does not invalidate the entire Complaint.

Nevertheless, Plaintiff's Complaint fails because it lacks factual specificity to establish a substantial nexus between the alleged conduct and the supposed violations. The Complaint does not plainly specify the ways in which said statues were violated. It

7

merely provides, as Defendant states, "a laundry list" of nine statutes followed by the conclusory statement that Defendant's actions violated all of them as well as common law fraud. It does not clearly link Gonzalez's behavior to the offenses or describe the statutes in any way. The Complaint also declines to clearly specify the public harm Defendant's actions cause. Additionally, it does not mention that Plaintiff believed Defendant's actions violated any sort of public policy. Indeed, this claim is only mentioned in Plaintiff's reply brief and is not clearly supported in the Complaint.

Furthermore, the pleading does not specifically describe the alleged fraud as required under Federal Rule 9(b). The Complaint mentions only that Plaintiff believed that "Gonzalez engaged in these actions in an attempt to defraud" Defendant, and that he believed these actions were "fraudulent in nature." (Compl. at ¶¶ 12, 4.)[2] However, it provides neither the particular date, time, and place of the alleged fraud, nor the substance of the misrepresentation. It also fails to clearly state who committed the fraud and to whom it was committed.

Finally, although not strictly related to the first prong of the prima facie case, the Complaint also fails because it does not adequately describe the type of disciplinary actions Gonzalez took, or illustrate the ways in which those actions were retaliatory. Plaintiff may cure this issue by indicating, for example, to whom he spoke in Human Resources, when the conversation took place, and through what medium. Plaintiff may also provide the names and actions of the other subordinates who followed Gonzalez's purportedly illegal instructions, the types of disciplinary action to which Plaintiff alone

---

[2] Plaintiff's Complaint restarts its numbered paragraphs at the beginning of each section. For purposes of the above citation, ¶ 12 is located under the statement of facts and ¶ 4 is located under Count I.

was subjected, or Gonzalez's reasons for said discipline. As it currently stands, however, Plaintiff's Complaint fails to allege facts with sufficient specificity to state a claim under the CEPA.

### B. Allowing Plaintiff to amend the Complaint would not be futile.

The Federal Rule of Civil Procedure allow parties to amend their pleadings before trial when the court permits. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." Id. The court may deny a party leave to amend if allowing an amendment would be futile, or would not cure the pleading's defects. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). However, the court is required to grant leave to amend, even without a plaintiff's formal motion, where doing so could cure the deficiencies. Id. at 116 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). The plaintiff is thus subject to the 12(b)(6) standard. Rodridguez v. Ready Pac Produce, 2104 WL 1875261, at * (D.N.J. May, 9, 2014). If the complaint can be amended so as to sufficiently state a claim, then the court must grant leave to do so. Burlington, 114 F.3d at 1434.

In the present case, allowing Plaintiff to amend his Complaint could potentially cure the deficiencies mentioned above. Therefore, granting Plaintiff leave to amend would not be futile. Plaintiff has plead facts that, with more specificity and greater connection to the listed statutes, could allege a violation of law or public policy. This is demonstrated by the fact that Plaintiff's reply brief lists and describes the exact statutory subsections at issue and provides at least some detail as to the ways in which Gonzalez's behavior related to each one. In amending the Complaint, Plaintiff should include the specific provisions and explanations of the potentially violated statutes. Plaintiff should also describe Gonzalez's and Defendant's conduct and demonstrate the ways in which it

9

is substantially related to each listed statute.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for failure to state a claim will be granted and Plaintiff's Complaint will be dismissed without prejudice. Plaintiff will be granted leave to amend the Complaint within thirty (30) days to correct the above deficiencies. An appropriate order shall issue.

Dated: March 31, 2020

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE